J-S16007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN FELDER | : | |
| | : | |
| Appellant | : | No. 2342 EDA 2023 |

Appeal from the PCRA Order Entered August 25, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0003304-2013

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                      **FILED JULY 24, 2024**

Appellant, Kevin Felder, appeals from the August 25, 2023 order of the Court of Common Pleas of Philadelphia County, which dismissed as untimely his petition for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The PCRA court summarized the relevant background as follows.

On January 27, 2014, Appellant entered into a negotiated guilty plea to five counts of aggravated assault, five counts of robbery and one count of conspiracy and was sentenced to a term of twelve to twenty-four years of incarceration.  A direct appeal was not filed.  Thus, Appellant's sentence became final on February 26, 201[4].

On February 6, 2023, nearly [9 years] after his sentence became final, Appellant filed his first PCRA Petition.  William A. Love was appointed counsel, and on June 13, 2023, he filed a

_____

[*] Former Justice specially assigned to the Superior Court.

***Turner***/***Finley***[1] no merit letter setting forth his professional opinion that the petition was jurisdictionally time-barred and, nevertheless, Appellant had no meritorious issue to raise. Upon review of the merits of the petition and counsel's [***Turner***/***Finley***] letter, the [PCRA] court issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907 on July 21, 2023 and on August 25, 2023 an order was entered dismissing Appellant's petition.

Appellant subsequently filed a timely Notice of Appeal. [The PCRA court] ordered him to file a Concise Statement of Matters Complained of on Appeal in accord with Pa.R.A.P. 1925(b), and Appellant timely complied.

PCRA Court Opinion, 12/1/23, at 1-2.

On appeal from the denial of PCRA relief, Appellant raises the following issues for our review:

Knowing what have been revealed in the Newly Discovered Evidence, After Discovered pertaining to the District Attorney being Arrested for a crime, sent to prison. The District Attorney who filed the information in the appellant case who handle the evidence statements in the appellant case. The Lead Detective, Police Officer who interviewed the Eyewitness, Victim who gathered information in the appellant case were found guilty by Internal Affairs Investigation, District Attorney Investigation of Physical Abuse, Terroristic Threat, Dealing Unprofessionally with Victims, Eyewitness in Neglect Of Duty See Misconduct report. If this evidence was available at the time of trial would it change the outcome?

Appellant's Brief at 4 (verbatim) (footnote omitted).

While it is not clear from the statement of questions raised for our review, Appellant seems to argue that the following events constitute newly-discovered facts for purposes of the timeliness of his petition: (i) discovery of

_____

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

misconduct by former Philadelphia District Attorney Seth Williams and some investigators; (ii) witnesses were unable to identify him because at least one perpetrator was wearing a mask and/or they were not able to see the shooters, and (iii) Appellant's arrest in New Jersey two days after the shooting qualify as an alibi.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless, as discussed below, an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). If it is not timely, we cannot address the substantive claims raised in the petition. *Id.*

It is undisputed that Appellant's judgment of sentence became final on February 26, 2014, at the expiration of the 30-day time-period for seeking review with the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3)

(stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Appellant then had one year to file a timely PCRA petition, *i.e.*, until February 26, 2015. **See** 42 Pa.C.S.A. § 9545(b)(1). The underlying petition, which he filed on February 6, 2023, is, therefore, facially untimely.

A facially untimely petition may be addressed where any of the PCRA's three limited exceptions to the time for filing the petition are met. **See**, **e.g.**, **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). These exceptions include: (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. **See**, **e.g.**, **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016).

On appeal, Appellant argues that the instant petition is timely under the newly-discovered facts exception, 42 Pa.C.S.A. § 9545(b)(1)(ii). Under this exception, a PCRA petition will be deemed timely filed if Appellant pleads and proves: (1) that the facts upon which the claim are predicated were unknown; and (2) that those facts could not have been ascertained by the exercise of due diligence. *Id.*; *see also Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007).

For purposes of the above exception, Appellant first argues that the discovery of misconduct by former Philadelphia District Attorney Seth Williams and some of the investigators assigned to his case qualify as "new facts" for purposes of 42 Pa.C.S.A. § 9545(b)(1)(ii). We disagree.

As aptly noted by the PCRA court, Appellant failed to identify a connection between the misconduct and any inappropriate action taken in his case. PCRA Court Opinion, 12/1/23, at 6-7. As such, no relief is due. *See*, *e.g.*, *Commonwealth v. Reeves*, 296 A.3d 1228, 1233 (Pa. Super. 2023) ("newspaper articles referencing misconduct by Detectives Jastrzembski and Santiago in matters unrelated to Appellant do not constitute newly-discovered facts. Appellant cites no new information in his case"). Thus, the mere fact that Williams was (or some officers who had worked on his case were) involved at one point in some inappropriate conduct unrelated to Appellant's case, such conduct does not qualify as a new fact for purposes of the newly-discovered fact exception. *Id.*

Regarding witness statements pertaining to Appellant's identification, we agree with the PCRA court's assessment that a review of the record reveals that these statements were "available to Appellant prior to his decision to plead guilty to the aforesaid offenses, therefore they do not qualify as 'newly discovered evidence.'" PCRA Court Opinion, 12/1/23, at 7. Similarly, we agree with the PCRA court's assessment that "any alleged alibi and/or claim that he was in New Jersey two days after the robbery would clearly have been known to Appellant at the time of his plea and cannot therefore be deemed as 'new facts.'" *Id.* Thus, Appellant is unable to prove the timeliness of the instant petition based on newly-discovered facts.

To the extent that Appellant's argument can be construed as claiming that the Commonwealth engaged in governmental interference (*Brady*[2] violation) by withholding evidence pertaining to the existence of an alibi witness and identification of Appellant as the perpetrator, we conclude that Appellant fails to meet the governmental interference exception.

"Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263,

_____

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

1268 (Pa. Super. 2008). This exception requires a petitioner to "show that but for the interference of a government actor 'he could not have filed his claim earlier.'" ***Commonwealth v. Staton***, 184 A.3d 949, 955 (Pa. 2018) (quoting ***Stokes***, 959 A.2d at 310).

Appellant, here, provides no facts that would remotely support a finding of governmental interference. Indeed, the information allegedly withheld by the Commonwealth was in the record or otherwise available to him prior to him pleading guilty, as noted by the PCRA Court. ***See*** PCRA Court Opinion, 12/1/23, at 7. Additionally, Appellant does not explain how the Commonwealth prevented Appellant from presenting the instant claim earlier. Accordingly, Appellant is unable to meet the governmental interference exception. ***See***, ***e.g.***, ***Abu-Jamal***, ***supra***; ***Staton***, ***supra***; ***Stokes***, ***supra***; ***see also Commonwealth v. Breakiron***, 781 A.2d 94 (Pa. 2001) (rejecting governmental interference exception where petitioner failed to offer reasonable explanation why, with the exercise of due diligence, alleged interference of government officials could not have been ascertained earlier).[3]

---

[3] Appellant, in his concise statement, challenged the PCRA's counsel effectiveness, alleging that counsel failed to raise multiple substantive issues on Appellant's behalf. ***See*** PCRA Court Opinion, 12/1/23, at 3. In ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), our Supreme Court held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." While this is Appellant's first opportunity to challenge PCRA counsel's effectiveness, we cannot review it because Appellant failed to prove that the instant petition is
*(Footnote Continued Next Page)*

Because Appellant failed to prove the timeliness of the underlying PCRA petition, we cannot address the substantive claims raised in the instant appeal. *See*, *e.g.*, *Stokes*. Accordingly, we affirm the order of the PCRA court dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/24/2024

---

timely. We have continually declined to extend the holding of *Bradley* to cases involving untimely petitions, like the instant one. *See*, *e.g.*, *Commonwealth v. Mead*, 2022 WL 984604 (Pa. Super. 2022) (unpublished memorandum), *appeal denied*, 284 A.3d 1182 (Pa. 2022) (emphasizing that *Bradley* involved a timely first PCRA petition and did not apply to appellant's appeal from an order denying his untimely petition).